

EDLA
SEC.J/1

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010

| | | |
|---|---|---|
| Paul Meinhart v. Halliburton Energy Services, Inc., et al.,<br>S.D. Texas, C.A. No. 4:11-73 | ) <br> ) MDL No. 2179 | 11-913 |
| Charles Smith v. BP Company North America, Inc., et al.,<br>S.D. Texas, C.A. No. 4:10-4288 | )<br>) | 11-914 |

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in these two actions have moved, pursuant to Rule 7.1, to vacate the respective portions of our orders conditionally transferring these two Southern District of Texas actions to the Eastern District of Louisiana for inclusion in MDL No. 2179. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of these actions to that district for inclusion in MDL No. 2179 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is warranted for the reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010).

In opposing transfer, plaintiffs argue, *inter alia*, that their claims will require some unique discovery, and that transfer should not take place, if at all, until the various courts have ruled on their pending motions for remand to state court. The Southern District of Texas *Smith* plaintiff further argues that his action involves allegations that he and his family were injured by toxic fumes emitted from controlled burns of surface oil conducted by defendants near plaintiff's Florida home during

---

[*] Judge John G. Heyburn II took no part in the disposition of this matter.

[1] These defendants are: BP plc, BP America Inc., and Halliburton Energy Services, Inc. (as to the Southern District of Texas *Meinhart* action); and BP plc and BP America Inc. (as to the Southern District of Texas *Smith* action).

___Fee___
___Process___
_x_ Dktd___
___CtRmDep___
___Doc. No.___

- 2 -

Deepwater Horizon-related clean-up efforts, and thus the action does not share factual issues with those in MDL No. 2179. We do not find these arguments persuasive. Plaintiffs' actions are similar, if not identical, to those previously centralized in this docket.[2] Although these actions may present one or more non-common issues, that is true of most, if not all, of the actions already in the MDL. Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization. *See In re Denture Cream Prods. Liab. Litig.*, 624 F. Supp. 2d 1379, 1381 (J.P.M.L. 2009). As we consistently have held, the pendency of a remand motion is "not a sufficient basis to avoid inclusion in a Section 1407 proceeding."[3] *See In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

*/s/ Kathryn H. Vratil*
_____
Kathryn H. Vratil
Acting Chairman

| | |
|---|---|
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |
| Paul G. Barbadoro | |

---

[2] For example, similar to the *Smith* plaintiffs, certain plaintiffs in the MDL filed a "Master Complaint" on December 15, 2010, alleging that they "live and/or work in close proximity to areas that are the subject of Defendants' remedial activities," were subjected to "fumes and odors from the oil and dispersants," and have experienced "headaches, nausea, vomiting, respiratory problems and eye irritation, among other adverse health effects."

[3] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not in any way limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion (or any other motion) generally has adequate time in which to do so.